DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Huron County Court of Common Pleas which sentenced appellant, Arthur E. Stallard, following the entry of a guilty plea to a charge of burglary. This court affirms the judgment of the trial court.
In his first assignment of error, appellant argues that prejudicial findings were included in the sentencing judgment entry. This court finds no merit in this assignment of error.
The plain language of R.C. 2953.08(D)[1] states that a jointly recommended sentence "authorized by law" is not subject to appellate review. A sentence is authorized by law under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term prescribed by statute for the offense. See, State v. Rogg (Mar. 13, 2001), Highland App. No. 00CA07, unreported. The First Appellate District has found that findings are not necessary when the sentence imposed is an "agreed sentence" and the sentence is within that authorized by statute. Statev. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845, unreported, discretionary appeal not allowed, 90 Ohio St.3d 1481.
Appellant was sentenced to a six month term of imprisonment. This sentence is "authorized by law" as it does not exceed the maximum sentence that the statute permits for a charge of burglary. The transcript clearly indicates that appellant was sentenced pursuant to an agreed sentence. Appellant is, therefore, precluded from appealing that sentence.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred by refusing to permit defense counsel to inspect the victim impact statement. This court finds no merit in this assignment of error.
R.C. 2947.051(C) provides:
 "A victim impact statement * * * shall be kept confidential and is not a public record * * *. However, the court may furnish copies of the statement to both the defendant or the defendant's counsel and the prosecuting attorney. * * *" (Emphasis added.)
A trial court exercises discretion regarding whether to make a victim impact statement available to a defendant. In the instant case, the trial court chose not to do so and there is nothing to suggest that this was an abuse of discretion.
Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Huron County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
______________________________Peter M. Handwork, J. JUDGE
______________________________Richard W. Knepper, J. JUDGE
_______________________________Mark L. Pietrykowski, P.J. JUDGE
[1] R.C. 2953.08(D) states in relevant part:
 "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge. * * *"